**IN THE COURT OF APPEALS OF IOWA**

No. 14-0027
Filed April 30, 2014

**IN THE INTEREST OF B.H., C.H., D.H., AND D.H.,**
**Minor Children,**

**C.H., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

The father appeals the juvenile court's termination of his parental rights. **AFFIRMED.**

Cynthia S. Finley, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and William C. Ostlund, Assistant County Attorney, for appellee State.

Julie Trachta, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

The father appeals the juvenile court's termination of his parental rights to his children, B.H., C.H., D.H., and D.H. The father claims the State failed to prove by clear and convincing evidence grounds to terminate his parental rights under Iowa Code section 232.116(1)(e), (f), and (*l*) (2013). He further asserts he should have been granted an additional six months to correct to his substance abuse issues and that termination was not in the children's best interest. Due to the father's chronic substance abuse problem, his homelessness, and his inability to find or sustain employment, we conclude the State proved by clear and convincing evidence the father's rights should be terminated pursuant to Iowa Code section 232.116(1)(f). Moreover, granting additional time would not resolve the father's issues, and termination is in the children's best interest. Consequently, we affirm.[1]

B.H., born 1998, C.H., born 2000, D.H. and D.H., twins born in 2004, first came to the attention of the Iowa Department of Human Services (DHS) in November 2010. This was due to a founded child abuse assessment detailing how the father had assaulted the mother in front of the children, as well as how the father forced C.H. and B.H. to blow into his breathalyzer so his car would start after he had been drinking. The children were adjudicated in need of assistance on January 14, 2011.

The children initially remained in the mother's care. However, the mother left for Minnesota with the children, without DHS's permission. She and the children resided in homes for victims of domestic violence for a period of time.

---

[1] The mother's parental rights were also terminated; she does not appeal.

The children were removed from the mother's care and returned to Iowa on March 5, 2012, and were placed with the maternal grandparents. The children continue to reside with the grandparents.

The father was not able to obtain suitable housing for any significant length of time during the pendency of the proceeding. He rented an apartment for approximately six months in 2013, but was unable to pay the bills and moved out. At the time of the termination hearing, he was homeless and living with his mother. With regard to his employment situation, he testified he has "done work for people, whether it's the construction-type stuff or painting or moving or whatever. Side income. But as far as being—having a job-job that I go to on a consistent basis, it's been several years."

Additionally, the father continues to abuse drugs, including alcohol, cocaine, and methamphetamine. He completed several substance abuse treatment programs but has periodically relapsed. Though he refused almost all of the court-ordered drug tests, he wore a drug-detecting patch that tested positive for methamphetamine in August 2013.[2] The father also has a criminal history including convictions for aggravated burglary, armed robbery, domestic abuse, theft, fugitive from justice, and OWIs.

The father consistently attended visitations and progressed from supervised to unsupervised visits. However, after his relapse in April 2013, the visits were reduced to a two-hour supervised visit each week. In spite of the father's many problems, he and the children retain a good bond.

_____

[2] He wore a patch, but missed all weekly testing until August 2013.

The following services were provided during the pendency of the proceedings: family safety, risk, and permanency services; supervision and services through DHS; substance abuse evaluations and treatment; drug testing; supervised visitation; individual counseling; mental health treatment; access to the STEPPS program; domestic violence counseling; family team meetings; Linn County Home Health Services for extra visits; and Behavioral Health Integrative Services.

Despite the receipt of services, the father continued to remain homeless and abuse drugs. Consequently, the State petitioned for termination of his parental rights on September 19, 2013. A hearing was held, and on December 19, 2013, the court terminated the parental rights of both parents pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*). The father appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.* To terminate parental rights under paragraph (f), the State must prove the children are four years of age or older, they were adjudicated children in need of assistance, they have been removed from the parent's care for at least twelve of the last eighteen months, and there is clear and convincing evidence the children cannot be returned to the parent's care at the present time. Iowa Code § 232.116(1)(f).

In terminating the parental rights of the parents, the juvenile court stated the following:

> Despite multiple services, including, but not limited to, substance abuse evaluations, substance abuse treatments and mental health counseling, the parents continued to struggle with the same issues. The parents have both completed multiple substance abuse treatment programs and continued to relapse. The parents have not complied with Court-ordered drug testing and have continued to abuse methamphetamine, cocaine, and alcohol. When they are together they use drugs. Both parents recently used together and tested positive for methamphetamine . . . . There continue to be concerns about domestic violence between them. They also have been chronically homeless. Neither one currently has a home where visits with the children can take place . . . . Additionally, they continue to be unemployed and unable to support themselves, much less the children. For these reasons, the children cannot be returned to their care without continuing to be children in need of assistance at this time or in the near future.

We agree with this assessment. The father testified he used both alcohol and methamphetamine in October 2013. His continual drug use, unemployment, domestic violence issues, and homelessness are strong indicators the children cannot presently be returned to his care. Consequently, the juvenile court correctly found the State proved by clear and convincing evidence grounds to terminate the father's parental rights under Iowa Code section 232.116(1)(f).

Moreover, granting the father an additional six months would not resolve this situation. He has been in substance abuse programs for years and has yet to maintain sobriety. He also cannot find a suitable home for himself or the children. In determining the future actions of the parent, his past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). It is clear granting the father more time is not in the children's best interest. "We have repeatedly followed the principle that the statutory time line must be followed and children

should not be forced to wait for their parent to grow up." *In re N.F.*, 579, N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). The children are placed with their maternal grandparents and are doing well. They also are in need of permanency. Therefore, termination of the father's parental rights is in the children's best interest, and we affirm the order of the juvenile court.

**AFFIRMED.**